IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT BOUNDS,

       Petitioner,

vs.                                       No. CV 18-00911 RB/KRS

CORRECTIONS DEPARTMENT TO THE
PENITENTIARY OF NEW MEXICO,

       Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Robert Bounds. (Doc. 1.) On the face of the Petition and the attachments submitted by Mr. Bounds, Petitioner's § 2254 claims are barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). The Court will dismiss the Petition as time-barred.[1]

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Mr. Bounds is a prisoner serving multiple sentences in the New Mexico Department of Corrections. In this case, he challenges the two consecutive 18-month sentences imposed by the State of New Mexico, Twelfth Judicial District Court, in Cause No. D-1116-CR 2003-00022. The Court has reviewed the Petition and the official record in Mr. Bounds' state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in Mr. Bounds' criminal cases. *See United*

---

[1] The record also raises an issue as to whether Mr. Bounds has completed serving his sentence in D-1116-CR 2003-00022 and is no longer in custody for that conviction but, instead, is in custody and serving the sentence in D-1116-CR-2003-00048. The case is also subject to dismissal based on lack of custody as required by 28 U.S.C. § 2254(a).

1

*States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand). On October 14, 2004, Mr. Bounds pled guilty to two counts of tampering with evidence. (Doc. 1-1.) The Plea Agreement also provided that ten counts of Forgery-Conspiracy would be dismissed. Judgment was entered on his conviction and sentence on October 21, 2004. The ten counts of forgery were dismissed and consistent with his plea agreement, Mr. Bounds did not file a direct appeal.

In a separate New Mexico criminal proceeding, D-1116-CR-2003-00048, Mr. Bounds was convicted by a jury of Second-Degree Murder and three counts of tampering with evidence. The Court imposed a sentence and ordered that sentence would be served consecutive to his sentence in D-116-CR-2003-00022. Mr. Bounds did appeal his sentence in D-1116-CR-2003-00048 and, in April 2007, the New Mexico Court of Appeals remanded the case for resentencing without a five-year aggravating circumstances enhancement. An amended Judgment was entered in both D-1116-CR-2003-00048 and D-116-CR-2003-00022 on April 26, 2007. The amended Judgment did not alter or change the conviction and sentence in D-116-CR-2003-00022, but provided that he would be sentenced to 21 years in case no. D-1116-CR-2003-00048 to be served consecutive to the sentence in D-116-CR-2003-00022.

On April 24, 2008, Mr. Bounds filed a Motion to Modify Sentence in case no. D-116-CR-2003-00022. That motion was denied on April 29, 2008. Mr. Bounds took no further action in D-116-CR-2003-00022 until November 22, 2019, when he filed a letter motion with the state court. That letter motion was denied on November 26, 2019.

Mr. Bounds filed his Petition in this Court on September 27, 2018. (Doc. 1.) In his Petition, Mr. Bounds challenges only his conviction and sentence in Twelfth Judicial District Cause No. D-

116-CR-2003-00022. (*Id.* at 1.) He raises issues relating to his plea agreement, grand jury indictment, ineffective assistance of counsel, and unfitness of the judge arising out of the proceedings in D-116-CR-2003-00022. (*Id.* at 5–10.)

On May 5, 2020, the Court entered an Order to Show Cause. (Doc. 12.) In its Order, the Court noted that it appeared Mr. Bounds's claims were barred by the one-year statute of limitations. (*Id.* at 1.) The Court directed Mr. Bounds to show cause, within 30 days, why the case should not be dismissed as time-barred. (*Id.* at 6.) More than 30 days has elapsed since entry of the Court's Order and Mr. Bounds has not responded to the Order, shown cause why the case should not be dismissed, or otherwise communicated with the Court.

## II.   THE AEDPA'S ONE-YEAR STATUTE OF LIMITATIONS

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004). The one-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland v. Florida*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the one-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The one-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977–78 (10th

Cir. 1998); *Sanders v. Mahaffey*, 242 F.3d 390, at *2 (10th Cir. Nov. 2000); *Washington v. United States*, 221 F.3d 1354, at *2 (10th Cir. 2000).

### III.     PETITIONER'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

All of the claims asserted by Mr. Bounds appear to have been available to him from the time the original Judgment was entered on October 21, 2004. (Doc. 1 at 5–10.) As a result, the limitation period of § 2244(d)(1)(A) would be the applicable period in this case. Applying § 2244(d)(1)(A), the statute of limitations on Mr. Bounds's federal habeas corpus claims began running around November 2004 and expired one year later in 2005. 28 U.S.C. § 2244(d)(1)(A). Bounds did not file any post-conviction petition. He waited twelve years after the judgment on his conviction and sentence became final, and the state habeas proceedings did not toll the running of the statute of limitations. *Carey*, 536 U.S. at 219–20; *Holland*, 560 U.S. at 635, 638.  Therefore, the one-year statute of limitations of § 2244(d) expired approximately 14 years before he filed his Petition in this Court, and his claims under § 2254 are time-barred. Further, even if the entry of the amended Judgment served to commence the running of the statute of limitations, Bounds did not file in this Court until ten years after denial of his Motion to Modify Sentence, and the statute of limitations still bars his claims.

Absent equitable tolling, Mr. Bounds's § 2254 claims were barred by the § 2244(d) statute of limitations well before his September 2018 filing. *Miller*, 141 F.3d at 977–78. In his Petition, Mr. Bounds makes a disjointed argument that the statute of limitations should not bar his filing because he was apparently using an out-of-state, unqualified legal service in relation to some unknown proceedings at some unknown time. (Docs. 1 at 13-14; 1-1 at 10.) The argument does not support equitable tolling in this case. *Miller*, 141 F.3d at 977–78. Because it appears from the face of his Petition and the record that the Petition is untimely, the Court will dismiss Mr. Bounds's

claims as barred by the § 2244(d) statute of limitations. *Carey*, 536 U.S. at 219–20; *Holland*, 560 U.S. at 635, 638.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Robert Bounds (Doc. 1) is **DISMISSED** as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE